## JONATHAN GREENE & *al.* vs. JAMES HARRIMAN.

Where the title to personal property is in question between third persons, mere declarations of the alleged vendor, unaccompanied by any acts, are not admissible in evidence.

THIS was an action of *replevin* for a chaise and harness.  The defendant pleaded the general issue and filed a brief statement, alleging property in himself.  Both parties claimed under *Benjamin Hasty ;* the defendant by a conveyance, *Feb.* 13, 1833, and the plaintiff by a sale in *July* following.  The plaintiff contended, that the conveyance to the defendant was either without consideration originally, or a mortgage to secure the payment of a note which was subsequently paid, and the mortgage thus discharged.  To rebut this, the defendant offered *Alvah Huntress* as a witness, who testified, that he heard *Hasty* and the defendant talking together, about the chaise, after witness understood that the latter had a bill of sale of it; that *Hasty* told the defendant he might come and

take the chaise any time he pleased ; that previous to this, witness heard *Hasty* ask defendant for money, defendant told *Hasty* he might have it, and witness afterwards heard *Hasty* say he had got it. This was all previous to the sale by *Hasty* to the plaintiff. Witness further testified, that in *April*, 1833, *Hasty* wanted to hire money of him, when witness proposed to take the chaise as security, to which *Hasty* replied, the chaise is not mine ; it is made over to *Harriman* to secure him. The defendant introduced in evidence a written conveyance of the chaise and harness from *Hasty* to himself, dated *Feb.* 13, 1833, also a note to him from *Hasty* for $100, dated *March* 27, 1832. It appeared, that *Hasty* absconded on the 29*th* of *July*, 1833, and left this part of the country, and that his place of residence is unknown. The plaintiff objected to the testimony of *Huntress* as inadmissible, but it was admitted by *Parris J.*, who tried the action, subject to the opinion of the whole Court. If the testimony of *Huntress* was improperly admitted, the verdict, which was for the defendant, is to be set aside.

*Rogers,* for the plaintiff, said, there was but a single question, whether the declarations of *Hasty*, testified to by *Huntress*, were admissible. He was the person under whom both parties claimed, and could be a witness for either. If there is any pretence, that these declarations are admissible, it is on the ground of being part of the *res gesta*. But these declarations are mere recital, and no part of the transactions at the sale, and clearly inadmissible. 1 *Stark. on Ev.* 48 ; *ib.* 306 ; 1 *Phillips on Ev.* 219 ; 1 *Esp. R.* 357, *Phillips* v. *Eamer.*

*Godfrey,* for the defendant, argued, that the declarations related to the transactions of the parties in making the sale, and as such, were properly admitted. He cited *Stark. on Ev.* 48, cited on the other side ; 1 *Esp. R.* 328 ; 4 *Pick.* 378.

The opinion of the Court was delivered by

WESTON C. J. — Whatever may be said of other portions of the testimony of *Alvah Huntress*, objected to by the counsel for the plaintiff, we are of opinion, that what he testified as to the declaration of *Hasty*, that he had received money of the defendant, was inadmissible. It was matter merely of narration, unaccompanied by any act. The counsel for the defendant insists that he had tes-

timony enough without it, if so, he will prevail on a further trial; but on the last, the jury must have been influenced by testimony, not legally admissible.

*New trial granted.*